UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE MARIE HOWARD, TERRENCE MICHAEL HOWARD, BRYAN ALLEN HOWARD, ROBYN MICHELLE HOWARD, and HERBERT CHARLES HOWARD,<br>　　　　Plaintiffs,<br><br>v.<br><br>DAVID BOSTROM, INTERIM CHIEF OF POLICE, TULSA POLICE DEPARTMENT, and TIM HARRIS, DISTRICT ATTORNEY FOR TULSA COUNTY STATE OF OKLAHOMA,<br><br>　　　　Defendants. | Case No. 07-CV-0548-CVE-PJC |

## OPINION AND ORDER

Now before the Court are the Special Appearances and Motions to Dismiss by Defendants David Bostrom, "Interim Chief of Police," Tulsa Police Department and/or the City of Tulsa and Brief in Support (Dkt. # 6). Defendants David Bostrom ("Bostrom"), Tulsa Police Department ("TPD") and/or the City of Tulsa (collectively "defendants") removed the instant action to this Court on October 1, 2007 (Dkt. # 2). Prior to removal, defendants made special appearances and moved to dismiss as to them the instant action pursuant to OKLA. STAT. tit. 12, §§ 2004(C)(1), 2012(B) and OKLA. STAT. tit. 51, § 151 et. seq. For the reasons set forth below, the Court finds that defendant's motion should be **denied**.

**I.**

The instant action arose from TPD's seizure of plaintiffs' property pursuant to search warrants. Dkt. # 2-2, at 2. On June 26, 2006, all criminal charges against plaintiff Herbert Charles

Howard, for which the seized property was evidence, were dismissed with prejudice by the State of Oklahoma. Id. at 3. The State of Oklahoma did not file a forfeiture action within the statute of limitations period. Id. Consequently, plaintiffs filed suit in Oklahoma district court, claiming that "[a]ll acts and omissions by the [d]efendants in retaining [p]laintiffs' property after June 26, 2006 – when it was no longer needed for evidence – were done under color of State law in deprivation of [p]laintiffs' rights to property, due process, and equal protection under the Fourteenth Amendment to the United States Constitution and Title 42, U.S.Code [sic] § 1983." Id. at 2-3.

On August 31, 2007, plaintiffs' process server delivered a copy of the petition and summons to the office manager of the "Chief's Section of the Tulsa Police Department." Dkt. # 6, at 9. Neither Bostrom nor the Mayor of Tulsa had authorized the office manager to accept service of process on behalf of Bostrom. Id. While the office manager did sign for the petition and summons, she states that she did not give the documents to Bostrom. Id. Further, plaintiffs did not serve the City Clerk of Tulsa, as the Deputy City Clerk stated "[t]here is no record this summons or petition was ever delivered to the City Clerk's office." Id. at 12.

**II.**

As a preliminary matter, the Court finds that removal is proper. Defendant's notice of removal was filed within thirty days after receipt of attempted service and is timely under 28 U.S.C. § 1446(b). Moreover, all served defendants joined in the removal. See Kiro v. Moore, 229 F.R.D. 228, 230 (D.N.M. 2005) ("Although . . . the Court could not locate case law from the . . . Tenth Circuit addressing whether all defendants, including those who have not yet been served, must join in the notice of removal, several other district courts have concluded that, if defendants have not been served, then they need not join in the notice of removal."); Harlow Aircraft Mfg., Inc. v.

Dayton Mach. Tool Co., No. 04-1377-JTM, 2005 WL 1153600, at * 1-2 (D. Kan. May 16, 2005) ("[E]xceptions exist for the non joinder of nominal, unknown, unserved or fraudulently joined defendants." (internal quotation marks and citation omitted)); see also Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533-34 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."); Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3rd Cir. 1995) ("[A] defendant who has not been served need not join in or consent to removal."); Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50, 54 (D.D.C. 2003) (noting that failure to serve "one or more of the defendants . . . at the time the removal petition was filed" qualifies as an exception to the "rule of unanimity"). The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the amended petition raises a colorable claim under 42 U.S.C. § 1983. See Davis v. Gracey, 111 F.3d 1472, 1477 (10th Cir. 1997) ("A failure timely to return seized material which is without evidentiary value and which is not subject to forfeiture may state a constitutional or statutory claim); United States v. Rodgers, 108 F.3d 1247, 1250 (10th Cir. 1997) ("We have jurisdiction under 28 U.S.C. § 1331 to review whether the [Drug Enforcement Administration]'s administrative forfeiture satisfied statutory and due process requirements."); Lowrie v. United States, 824 F.2d 827, 828 (10th Cir. 1987) (finding that a court has federal question jurisdiction over an action brought pursuant to Fed. R. Crim. P. 41(e) for the return of property unlawfully seized).

The Court further finds that any alleged impropriety of service under OKLA. STAT. tit. 12, §§ 2004(C)(1) and 2012(B) is not fatal. See 28 U.S.C. § 1448 ("[Where] process served proves to

be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."). Service of process on Bostrom in his individual capacity was improper under OKLA. STAT. tit. 12, § 2004(C)(1). Plaintiff failed to serve Bostrom personally, serve him at his "dwelling house or usual place of abode," or serve an agent authorized by appointment or law to receive service of process. Id.; see Graff v. Kelly, 814 P.2d 489 (Okla. 1991) (finding that personal service on a clerical person in the defendant's business is insufficient to create personal jurisdiction). Further, to the extent plaintiffs were attempting to serve the City of Tulsa,[1] they failed to effectuate proper service. Oklahoma statute provides that a municipal corporation or other governmental organization may be properly served by "delivering a copy of the summons and petition to the officer or individual designated by specific statute; however if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization." OKLA. STAT. tit. 12, § 2004(C)(1)(c)(5). The office manager of the "Chief's Section of the Tulsa Police Department" is not the "officer or individual designated by specific statute" or the chief executive officer or other official whose duty is to maintain the official city records.

---

[1] The TPD is not a separate legal entity and is not a proper defendant. See Ketchum v. Albuquerque Police Dep't., 958 F.2d 381 (10th Cir. 1992) (finding that the police department lacks legal identity apart from the municipality); Lindsey v. Thomson, No. 06-7114, 2007 WL 2696970, at * 3 (10th Cir. Sept. 10, 2007) (holding that the police and sheriff departments do not constitute separate legal entities); Leterski v. Kingfisher County Jail, No. CIV-06-451-W, 2007 WL 1039224, at * 3 (W.D. Okla. April 3, 2007) ("[A] plaintiff must name either the municipality itself or a municipal official in his or her official capacity."); Miller v. City of Claremore, No. 06-CV-0328-CVE-SAJ, 2006 WL 2316245, at *1 (N.D. Okla. Aug. 9, 2006) (holding that the police department may not be sued "because it lacks legal identity apart from the municipality."). The Court notes that unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

In light of the Court's conclusion regarding impropriety of service, the Court need not address defendants' remaining arguments pertaining to OKLA. STAT. tit. 51, § 151 et. seq, 42 U.S.C. § 1983, or the Fourteenth Amendment of the United States Constitution. These arguments may be raised in a subsequent motion. Accordingly, the Court directs plaintiffs to properly serve the proper defendants within twenty days. Additionally, if plaintiffs choose to file a second amended complaint to name the proper defendants, they should do so before service of process.

**IT IS THEREFORE ORDERED** that the Special Appearances and Motions to Dismiss by Defendants David Bostrom, "Interim Chief of Police," Tulsa Police Department and/or the City of Tulsa and Brief in Support (Dkt. # 6) are **denied**.

**DATED** this 16th day of October, 2007.

                                                                   _____
                                                                   CLAIRE V. EAGAN, CHIEF JUDGE
                                                                   UNITED STATES DISTRICT COURT